UNITED STATES of America, Plaintiff,

v.

Otis Lee REESE, Defendant.

Crim. No. 25922.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 29, 1971.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Howard Moore, Jr., and Peter E. Rendskopf, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

On March 5, 1969, Otis Lee Reese was indicted by the Grand Jury in the Northern District of Georgia for violation of the Military Selective Service Act of 1967. A non-jury trial was held on January 18, 1971, and the only evidence offered by the government was a copy of defendant's Selective Service file. No witnesses were called by either party, and no testimony was taken. Defendant has moved for acquittal on several grounds, and both sides have submitted briefs on the points of law involved.

Defendant first indicated that he was conscientiously opposed to participation in war in April, 1963, when he returned his Classification Questionnaire to his local draft board. During the next several years, the local board made several unsuccessful attempts to locate the defendant by mail. On February 6, 1967, nearly four years later, defendant appeared in person at his local board and requested, *inter alia*, a Conscientious Objector form (SSS Form 150). On July 10, 1967, defendant returned the completed form in which he set forth in more detail his Conscientious Objector claim. (Government's Exhibit 12.)

On March 18, 1968, defendant reported for an armed forces physical examination and was found physically acceptable for induction into the armed forces. Defendant's local draft board classified him as I–A on May 14, 1968, and defendant appealed. On July 30, 1968, defendant, pursuant to his request, appeared personally before the local board. On September 16, 1968, the Board of Appeals classified the defendant as I–A.

Pursuant to an Order to Report for Induction (SSS Form 252), defendant reported to the Armed Forces Induction Center in Atlanta, Georgia, on October 14, 1968. Upon the calling of his name, defendant refused to take the symbolic step forward and was released. The indictment and non-jury trial followed.

In his motion for acquittal, defendant raises several arguments:

(1) Does trial solely on the selective service file constitute a violation of defendant's right to confront and cross-examine the witnesses against him?

(2) Does failure of the local board to state the reasons for its rejection of the conscientious objector claim invalidate the induction order?

(3) Is there a "basis in fact" for defendant's selective service classification?

(4) Was the defendant's local board illegally composed, and, if so, does such illegal composition require an acquittal?

(5) Does the selective service regulation forbidding the appearance of counsel before the local board deny the defendant his right to counsel under the Sixth Amendment?

The Court postponed a ruling on the motion of acquittal pending a decision in Clay v. United States (No. 783, OT 1970), before the United States Supreme Court, as the Court, and the parties, felt the *Clay* decision could affect the issues in the instant case. The *Clay* decision has now been rendered, and the parties have submitted briefs on its effect on this case.

In Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810, the petitioner's application for conscientious objector status (I–O) was rejected by his local draft board, and he filed an appeal. The State Appeal Board classified him I–A and referred his file to the Justice Department for review and recommendation pursuant to the then-applicable procedures. On the basis of an FBI investigation and an evidentiary hearing, an appointed hearing officer determined that the petitioner was sincere in his objection on religious grounds to participation in war in any form and recommended approval of the I–O claim. Notwithstanding the conclusions reached by the hearing officer and his recommendations, the Justice Department ad-

vised the State Appeal Board, by letter, that petitioner's I–O claim should be denied.

The Court in *Clay* set out the three basic requirements a registrant must meet in order to qualify as a conscientious objector: (1) He is conscientiously opposed to participation in war in any form; (2) His opposition is based upon religious training and belief; and (3) His objection is sincere. The Justice Department letter upon which the Appeal Board relied, advised that the Department had found, for reasons explained in the letter, that the petitioner had failed to satisfy *each* of the three basic requirements for I–O classification.

In *Clay*, the government conceded, and the Court agreed, that the findings of the Justice Department that Clay's beliefs were not based upon "religious training and belief" and were not sincerely held were erroneous. The government argued, however, that there was a "basis in fact" for finding that Clay was not opposed to war in any form but was only selectively opposed to certain wars. The Court determined that, even if the government's position on that question were correct, reversal of the conviction was required for other reasons: There existed three possible reasons for denial of the claim, two of which reasons were concededly invalid; and, since the Appeal Board gave no reasons for denying the claim, it was impossible to know upon which of the three grounds it relied. Under such circumstances, where it is not clear that the Board relied upon a legitimate ground, the entire proceedings must be vitiated.

In the instant case, the record does not reveal any statement of reasons why defendant's I–O application was denied. Unlike Clay, there was no advisory letter from the Department of Justice which made invalid recommendations, but the Court does not believe this is a distinguishing factor. Here, as in *all* applications for a I–O classification, there were three possible substantive reasons for rejecting the applicant's claim: (1) lack of "religious training and belief"; (2) lack of sincerity; and (3) selectivity. It is clear from the decision in *Clay* that defendant's beliefs are based on religious training and belief. In fact, the government here does not argue that defendant's beliefs are not "religious." Neither does the government contend, nor is there any evidence in the record that the draft board found, that defendant was insincere in his beliefs. The government argues that no *prima facie* case of entitlement to the I–O classification was made in that defendant's stated beliefs do not constitute (and there is a "basis in fact" for an adverse finding) "opposition to war in any form." The government recognizes the rule, adopted in most circuits, that where a *prima facie* case of entitlement to the exemption is presented, the draft board is required to state its reasons for rejecting the applicant's claim, *e. g.,* United States v. Stetter, 445 F.2d 472 (5th Cir., 1971); United States v. Broyles, 423 F.2d 1299, 1303–1304 (4th Cir. 1970), but argues that where there is no *prima facie* case presented, a statement of reasons is not required.

The most recent Supreme Court enunciation of the "statement of reasons" requirement is found in Clay v. United States, *supra.* Nowhere in the *Clay* decision is there any mention of any *prima facie* requirement with regard to a statement of reasons by the draft board. Any reading of Clay to the contrary, the Court believes, would be a misconception of the problem with which the Supreme Court was concerned in the decision, namely, the necessity of having an adequate record upon which the function of the federal courts in reviewing decisions of the Selective Service Board can be properly carried out. The Court believes the instant case is controlled by the Supreme Court's decision in Clay v. United States, and, since the draft board gave no reasons (or any indication whatsoever in the record) for rejection

of defendant's claim, the order to report for induction was invalid.

Concomitant with the Supreme Court's failure to indicate any "prima facie" requirement in *Clay* is this Court's inability to comprehend a compelling reason for such a requirement as an original proposition. Apparently, the requirement finds its basis, in part, in a desire that the draft board should not be required to expend a great amount of its energies, other than complying with the Selective Service Regulations, in processing patently frivolous claims. Requiring a statement of reasons for an adverse decision, however, cannot be said to place any significant burden on the draft board. The board would not be required to render an exhaustive "opinion" with findings of fact and conclusions of law which normally accompany the decisions of other administrative agencies (*e. g.,* social security decisions). All that is required is a statement of reasons for the decision.

A cogent reason for requiring a statement of reasons from the draft board is the risk otherwise of "blind endorsement" of a possible error of law. United States v. Broyles, *supra* at 1304. The same "blind endorsement", however, is present *whether or not* there is a "prima facie" case presented. The draft board could just as easily apply an erroneous legal standard in deciding whether or not a "prima facie" case existed as it could in denying a claim on the merits. Under the "prima facie" requirement, the draft board must decide whether or not a *prima facie* case is presented (so that it can determine whether or not a statement of reasons is required) and, where no reasons are given, the reviewing court would be engaging in the same risk of "blind endorsement".

The Court believes the decision in Clay v. United States, *supra*, requires a

ruling that the draft board must state, albeit briefly, the reasons for an adverse decision in every case in which an I–O claim is presented and the SSS Form 150 has been completed and duly turned in to the board. See, United States v. Stephens, 445 F.2d 192 (3rd Cir. 1971) (Aldisert, J., Concurring). Because no reasons were stated here, the induction order was invalid and defendant's motion for acquittal must be granted on this ground. Because of the foregoing, defendant's other grounds for acquittal need not be considered.[1] Defendant's motion for acquittal is granted.

---

1. With regard to defendant's argument that trial on the selective service file alone is a violation of his Sixth Amendment right to confrontation, the Court notes that recent cases may have undermined any approval of "trial by file" in this circuit and other circuits. See, California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); United States v. Williams, 447 F.2d 1285 (5th Cir., 1971). The question, however, need not be decided in this case.